UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHILDREN'S MEDICAL CENTER CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CELGENE CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. _____<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Celgene Corporation ("Celgene"), respectfully removes this case from the Suffolk Superior Court, Commonwealth of Massachusetts, to the U.S. District Court for Massachusetts.  In support of this removal, Celgene states as follows:

1. **The Action**

Plaintiff, Children's Medical Center Corporation ("Plaintiff"), filed its Complaint captioned *Children's Medical Center Corporation v. Celgene Corporation.*, Case No. 13-2087 (the "Complaint") in the Superior Court of Suffolk, Commonwealth of Massachusetts, on June 7, 2013.  The Complaint asserts causes of action for (1) Breach of Agreement; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; and (3) Declaratory Judgment.  Compl. ¶¶ 19-29.  Celgene received notice of the Complaint on June 7, 2013, but has not yet been served.  Copies of all of the pleadings and papers filed in the Suffolk Superior Court, of which Celgene is aware, are attached hereto as *Exhibit A*.

2. **Statutory Grounds for Removal**

This action is removable under 28 U.S.C. § 1441. 28 U.S.C. § 1441(a) provides for the removal of state court civil actions over which the U.S. District Courts have original jurisdiction. As explained in greater detail below, this Court has original jurisdiction over this case under 28 U.S.C. § 1332 because Plaintiff and Celgene are citizens of different states and the amount in controversy exceeds $75,000, exclusive of any interest and/or costs. For this reason, and because Celgene is not a citizen of the Commonwealth of Massachusetts where this action was commenced, this action is removable pursuant to 28 U.S.C. §§ 1441(b).

### 3.  Citizenship of the Parties

Plaintiff alleges it is a Massachusetts corporation with a principal place of business in Boston, Massachusetts. Compl. ¶ 1. Plaintiff is therefore a citizen of Massachusetts.

Celgene is a Delaware corporation, with a principal place of business in New Jersey, and is therefore a citizen of Delaware and New Jersey. Compl. ¶ 2; *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination").

Thus, the diversity requirements of 28 U.S.C §§ 1332(a)(1) are satisfied.

### 4.  Amount in Controversy – 28 U.S.C. § 1332(a)

Although Celgene denies all of Plaintiff's material allegations, the amount in controversy exceeds the $75,000 jurisdictional threshold under 28 U.S.C. § 1332(a), by virtue of the Complaint's allegations. Plaintiff alleges that Celgene owes Plaintiff approximately $3 million in additional royalty payments past March 1, 2013. Compl. ¶¶ 17. Plaintiff further requests that

the Court award it damages "together with interest, including pre-judgment interest, costs and attorneys' fees as allowed by law." Compl. ¶¶(a)-(b). *See also Spielman v. Genzyme,* 251 F. 3d 1, 7 (1st Cir. 2001) (attorney fees award may be included in the amount in controversy when an underlying statute authorizes their award). It is therefore beyond dispute that a reasonable probability exists that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See, e.g.*, *Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp. 2d 230, 233 (D. Mass. 2010) (confirming defendant's burden is to demonstrate a "reasonable probability" that amount in controversy is met).

5. **Timeliness of Removal**

Pursuant to 28 U.S.C. § 1446(b), a defendant must file its notice of removal within 30 days of receiving a copy of the complaint. Celgene received notice of the Complaint on June 7, 2013, but has not yet been served. Celgene's notice of removal is timely filed.

6. **Notice of Removal to Adverse Parties and to State Court Clerk**

Pursuant to 28 U.S.C. § 1446(d), Celgene will give written notice of the removal to Plaintiff and to the Clerk of the Suffolk Superior Court, Commonwealth of Massachusetts. Specifically, promptly after filing this Notice of Removal, Celgene shall send a Notice of Removal to Adverse Parties and State Court Clerk, a true and correct copy of which is attached hereto as *Exhibit B*.

7. **No Waiver**

By filing this Notice of Removal, Celgene does not waive any defenses available to it.

WHEREFORE, Celgene respectfully removes this case to this Court.

> Respectfully submitted,
>
> CELGENE CORPORATION,
>
> By its attorneys,
>
> */s/ Sophie F. Wang*
> Robert S. Frank (BBO #177240)
> *rfrank@choate.com*
> Eric J. Marandett (BBO #561730)
> *emarandett@choate.com*
> Jessica Gan Lee (BBO #670970)
> *jlee@choate.com*
> Sophie F. Wang (BBO #679642)
> *swang@choate.com*
> CHOATE, HALL & STEWART LLP
> Two International Place
> Boston, MA 02110
> Tel.: (617) 248-5000
> Fax: (617) 248-4000

Date: July 2, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2013, a copy of the foregoing Notice of Removal was filed electronically. I further certify that a copy of the foregoing has been served upon the following, via overnight mail, on July 2, 2013.

Lisa J. Pirozzolo
Robert B. Cultice
Wilmer Cutler Pickering Hale & Dorr, LLP
60 State Street
Boston, MA 02109

>                    */s/ Sophie F. Wang*
>                       Sophie F. Wang